SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------X
VINCE COSTELLO, an infant under the age of 14
years, by his mother and natural guardian, VENUS
COSTELLO, and VENUS COSTELLO, individually,

Plaintiffs,

-against-                                         VERIFIED COMPLAINT

TARGET CORPORATE SERVICES, INC. a/k/a
TARGET,

Defendant.
--------------------------------------------------------------------X

Plaintiffs, by their attorneys, ANDREA & TOWSKY, ESQS., complaining of the

defendant above named, respectfully allege as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF INFANT PLAINTIFF: VINCE COSTELLO

FIRST: That at all the times hereinafter mentioned, plaintiffs were and still are residents

of the County of Hudson, State of New Jersey.

SECOND: That upon information and belief, that at all times hereinafter mentioned, the

defendant, TARGET CORPORATE SERVICES, INC. (hereinafter "TARGET") was and still is

a foreign corporation duly organized and existing under and by virtue of the laws of the State of

Minnesota.

THIRD: Upon information and belief, that at all the times hereinafter mentioned, the

defendant, TARGET, was a foreign corporation licensed to do business in the State of New

York.

FOURTH: Upon information and belief, that at all the times hereinafter mentioned, the

defendant, TARGET, was a foreign corporation licensed to do business in the State of New

Jersey.

FIFTH: Upon information and belief, that at all the times hereinafter mentioned, the defendant, TARGET, is a Minnesota corporation licensed to do business in the State of New York.

SIXTH: Upon information and belief, that at all the times hereinafter mentioned, the defendant, TARGET, is a Minnesota corporation licensed to do business in the State of New Jersey.

SEVENTH: Upon information and belief, that at all the times hereinafter mentioned, the defendant, TARGET, has business/retail store premises throughout the States of New York and New Jersey; more specifically in the County of Kings, New York located at 139 Flatbush Avenue, Brooklyn, New York; at 1598 Flatbush Avenue, Brooklyn, New York; and at 519 Gateway Drive, Brooklyn, New York.

EIGHTH: Upon information and belief, that at all the times hereinafter mentioned, the defendant, TARGET, was also the owner of the subject business premises located at 100 14th Street, Jersey City, New Jersey 07310 (the "Premises").

NINTH: Upon information and belief, that at all the times hereinafter mentioned, the defendant, TARGET, its agents, servants, and/or employees operated the Premises.

TENTH: Upon information and belief, that at all the times hereinafter mentioned, the defendant, TARGET, its agents, servants, and/or employees maintained the Premises.

ELEVENTH: Upon information and belief, that at all the times hereinafter mentioned, the defendant, TARGET, its agents, servants, and/or employees controlled the Premises.

TWELFTH: Upon information and belief, that on and prior to the date of the occurrence herein, the defendant, TARGET, its agents, servants, and/or employees had a duty to maintain in a reasonably safe condition the Premises.

THIRTEENTH: That at all the times hereinafter mentioned, the infant plaintiff and his family were business invitees at the Premises.

FOURTEENTH: That on the 17th day of September, 2015, at approximately 8:30 p.m., the infant plaintiff, VINCE COSTELLO, was legally on the Premises with his parents.

FIFTEENTH: That at the aforesaid time and place, while the infant plaintiff, VINCE COSTELLO, was lawfully on the Premises, he was playing on and around the large red balls/objects located at the entrance of this subject TARGET retail store location, as well as at most major TARGET stores throughout the country.

SIXTEENTH: At the aforesaid time and place, the infant plaintiff was playing on and around the large red balls/objects located at the entrance and was caused to fall to the ground resulting in a serious injury to the infant plaintiff's right arm and elbow requiring surgical intervention and will result in permanent scarring and injury due to the negligence and carelessness of the defendant, its agents, servants, and/or employees.

SEVENTEENTH: That the said occurrence and serious injuries sustained by this infant plaintiff were occasioned through and by reason of the negligence of the defendant, its agents, servants, and/or employees in the ownership, operation, maintenance, and control of the Premises; that said large red balls/objects were and are an attractive nuisance that attracts children to play on and around said large red balls/objects; in causing, allowing and permitting the large red balls/objects to be open and notorious; in failing to appreciate, understand and be knowledgeable of the hazardous condition these large red balls/objects create for children; in causing, allowing, and permitting same to be and remain in a dangerous condition; in failing to properly inspect and keep children from playing on said large red balls/objects; in that the large red balls/objects presented an extreme hazard to persons, such as the infant plaintiff, traversing thereat; in failing to give the infant plaintiff any notice or warning of dangers and hazards

conditions then and there existing to the knowledge of the defendant, its agents, servants, and/or employees; in carelessly and negligently allowing and permitting the aforesaid condition to exist, remain open and obvious and to remain at a time when the defendant, its agents, servants, and/or employees knew, or by the exercise of reasonable care and caution could have and should have known that the said condition existed and was likely to cause the aforesaid occurrence and resultant injuries, especially to the class of persons such as the infant plaintiff. The defendant was further negligent in failing to design such large red balls/objects that would protect children who are unable to appreciate the risk posed by such large red balls/objects in front of a large consumer retail store that attracts and solicits not only adults but children. Plaintiff also intends to rely upon the doctrine of Res Ipsa Loquitur.

EIGHTEENTH: That by reason of the premises aforesaid, this infant plaintiff was rendered sick, sore, lame, and disabled and his injuries, upon information and belief, are of a permanent character. That by reason thereof, he has been prevented from following his usual vocation and has been obliged to incur expense and obligations for medicines, medical care, attention and treatment and he is informed and he verily believes that he will in the future be obliged to incur further expense and obligations for medicines, medical care, attention, and treatment and continues to have pain and suffering and be unable to follow his current vocation, all to his damage in the sum of ONE MILLION FIVE HUNDRED THOUSAND ($1,500,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF: VENUS COSTELLO

NINETEENTH: This plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs of the Complaint designated "FIRST" through "EIGHTEENTH",

inclusive with the same force and effect as though said paragraphs were more fully and completely set forth herein at length.

TWENTIETH: That at all the times hereinafter mentioned, this plaintiff was and still is the parent and natural guardian of the infant plaintiff herein and as such was responsible for his care, welfare, maintenance, and support and was entitled to his service and society.

TWENTY-FIRST: That as a result of the foregoing, this plaintiff has expended and become obligated for sums of money for medical care and attention in an effort to alleviate the pain and suffering of the infant plaintiff and to cure him of the injuries sustained and has lost the services and society of the infant plaintiff, all to this plaintiff's damage in the sum of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFFS

TWENTY-SECOND: This plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs of the Complaint designated "FIRST" through "TWENTY-FIRST", inclusive with the same force and effect as though said paragraphs were more fully and completely set forth herein at length.

TWENTY-THIRD: That these plaintiffs, because of the injuries sustained, will incur expenses greater than those payable under the medpay provision of defendant's policy. To the extent that the expenses incurred and other consequential losses suffered by plaintiff are not covered by the medpay insurance benefits, defendants shall be liable to plaintiff to the full extent thereof.

WHEREFORE, plaintiffs demand judgment against the defendant above named on their first cause of action in the sum of ONE MILLION FIVE HUNDRED THOUSAND ($1,500,000.00) DOLLARS, on their second cause of action in the sum of ONE HUNDRED

THOUSAND ($100,000.00) DOLLARS and on their third cause of action in a sum in excess of

the jurisdictional limits of all lower Courts, all together with the costs and disbursements of this

action.

Dated: Garden City, New York
       April 27, 2016

Yours, etc.

ANDREA & TOWSKY, ESQS.
By: FRANK A. ANDREA, III
Attorneys for Plaintiffs
Office & P.O. Address
320 Old Country Road, Suite 202
Garden City, New York 11530
(516) 739-0081

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                                          ) ss.:
COUNTY OF NASSAU    )

I, the undersigned, an attorney admitted to practice in the Courts of the State of New

York, state that I am the attorney of record for the plaintiffs, VINCE COSTELLO and VENUS

COSTELLO, in the within action; I have read the foregoing Summons & Verified Complaint and

know the contents thereof; that same is true to my own knowledge, except as to the matters

therein alleged to be on information and belief, and as to those matters I believe it to be true.

The reason this verification is made by me and not by plaintiffs is that plaintiffs reside

outside the County where deponent maintains his law practice.

The grounds of my belief as to all matters not stated upon my own knowledge are as

follows: Review of file.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: Garden City, New York
           April 27, 2016

_____
FRANK A. ANDREA, III

| | |
|---|---|
| <u>NOTICE OF ENTRY</u> | Index No.                          Year |
| Sir:-Please take notice that the within is a (certified) true copy of a Decision/Order duly entered in the office of the clerk of the within named Court on | SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF KINGS |
| Dated: Garden City, New York , | VINCE COSTELLO, an infant under the age of 14 years, by his mother and natural guardian, VENUS COSTELLO, and VENUS COSTELLO, individually, |
| Yours, etc., ANDREA & TOWSKY, ESQS. Attorney for Plaintiffs | Plaintiffs, -against- |
| Office and Post Office Address To: | TARGET CORPORATE SERVICES, INC. Defendants. |
| Attorney(s) for Defendants | |
| <u>NOTICE OF SETTLEMENT</u> Sir:-Please take notice that an order of which the within is a true copy will be presented for settlement to the Hon. | SUMMONS & VERIFIED COMPLAINT |
| one of the judges of the within named Court, at on                                        19 at            M. Dated, Yours, etc.. | ANDREA & TOWSKY, ESQS. Attorneys for Plaintiffs Office and Post Office Address, Telephone 320 OLD COUNTRY ROAD GARDEN CITY, NEW YORK 11530 (516) 739-0081 |
| Attorney for Office and Post Office Address | To Attorney(s) |
| To Attorney(s) for | Service of a copy of the within                                is hereby admitted. Dated, Attorney(s) for |